PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CALHOUN,<br><br>Defendant. | CASE NO. 2:21-CR-198 WBS<br><br>GOVERNMENT'S MOTION AND PETITION FOR REVOCATION OF MAGISTRATE JUDGE'S ORDER AUTHORIZING PRETRIAL RELEASE FOR DEFENDANT ANDREW CALHOUN |

The United States of America, by and through its attorney, Assistant United States Attorney Roger Yang, moves and petitions pursuant to 18 U.S.C. § 3148(a) and § 3148(b) to revoke the defendant's pre-trial release on an unsecured bond pursuant to a March 8, 2021 ruling by United States Magistrate Judge Peterson, and for a bench warrant for the arrest of the defendant pending a revocation hearing. In addition, the government requests a bench warrant for the arrest of the defendant. The government further requests that the Court order Pretrial Services to make available for inspection the defendant's monthly or bi-weekly reports and other reports of his supervision.

The government requests that this motion and petition be filed under seal, and that it be unsealed upon the arrest of the defendant because notice to the defendant may cause him to conceal evidence that has not been gathered, place the reporting parties in danger, or otherwise jeopardize an ongoing criminal investigation.

///

This motion and petition is based upon the attached Memorandum of Points and Authorities, Exhibit A and Exhibit B, incorporated here by reference, and any evidence and argument which may be presented at a hearing on this matter.

Dated: April 11, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROGER YANG

ROGER YANG
Assistant United States Attorney

PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CALHOUN,<br><br>Defendant. | CASE NO. 2:12-CR-0198 JAM<br><br>GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S ORDER AUTHORIZING PRETRIAL RELEASE FOR DEFENDANT ANDREW CALHOUN |

**RELIEF SOUGHT**

Pursuant to 18 U.S.C. §§ 3148(a) and (b), the United States, by and through Assistant United States Attorney Roger Yang, moves and petitions to revoke the pretrial release of defendant ANDREW CALHOUN ("defendant") pursuant to the Magistrate Judge's Order of March 8, 2021, releasing based upon his own recognizance. The United States ultimately seeks an Order finding that there is probable cause to believe that defendant committed a Federal, State, or local crime while on release (18 U.S.C. § 3148(b)(1)(A)) and that there is clear and convincing evidence that the defendant has violated any other condition of release (18 U.S.C. § 3148(b)(1)(B)), therefore the defendant cannot overcome the rebuttable presumption that he is a flight risk and danger to the community, and that there is no condition or combination of conditions that can assure his future appearance at trial or the safety of the community, and therefore, he should be detained pending trial.

In addition, the government requests that the Court "issue a warrant for the arrest of a person

charged with violating a condition of release" so that "the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with [§3148(b)]." 18 U.S.C. § 3148(b).

The government also seeks an order from the Court directing Pretrial Services to make available the monthly reports and other supervisory reports to establish that the defendant did not declare his change in residence, or his source of income / employment while on pretrial services supervision, thereby failing to abide by the conditions of his release.

## SUMMARY OF ARGUMENT

This Court should revoke the Order granting defendant's pretrial release because the Bail Reform Act's provides for revocation if a judicial officer "

> finds that there is -- (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and : (2) finds that – (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b).

In this case, the government intends to prove that the defendant committed a State or local crime: to wit, California Penal Code Sections 288.2 and 288.4, and a violation of Title 18 United States Code, Section 401, contempt. Upon a showing of a new law violation committed while on pretrial release, the burden shifts to the defendant to establish that he is not a danger to the community or a risk of non-appearance. 18 U.S.C. § 3148(b)(2)(B).

## DETENTION HISTORY

**March 8, 2021 – Magistrate Judge Peterson Orders Defendant Released on Conditions**

On March 8, 2021, the defendant made his initial appearance in the Eastern District of California.  During a detention hearing before Magistrate Judge Peterson, the government did not move for detention. (Docket No. 1, 2:21-mj-00040 JDP). The defendant submitted the issue. Magistrate Judge Peterson ordered the defendant released on his own recognizance with conditions, with instructions to appear in the Eastern District of Tennessee on March 25. (Docket Nos. 3, 5.) The relevant special

conditions of release were as follows:

1. You shall report to and comply with the rules and regulations of the Pretrial Services Agency; . . .

16. You must not access the Internet and you must provide proof of the disconnection or termination of this service as required by the pretrial services officer; . . .

17. You must not use or possess a computer or any device capable of accessing the Internet in your residence or at any other location unless otherwise approved by the pretrial services officer;

20. You must not associate or have verbal, written, telephonic or electronic communication with any person who is under the age of 18, except in the presence of another adult who is the parent or legal guardian of the minor; . . .

The defendant was subsequently released to the custody of his stepbrother, Ricky Butters, and the special conditions 16 and 17 were amended. (Docket No. 8).

**November 2021 return to the Eastern District of California**

After the defendant moved to transfer venue back to the Eastern District of California, the special conditions of release were further amended on November 2, 2021 to facilitate the defendant's future virtual appearances as follows:

15. You shall only have access to one cellular device, which must have monitoring software installed. You must pay all or part of the costs of the monitoring services based upon your ability to pay, as determined by the Pretrial Services Officer;

16. You shall only access the internet specifically to communicate with Pretrial Services, your attorney, for any virtual court appearances, communications with your doctors, for any counseling purposes, or any other services approved by Pretrial Services;

17. You shall not access ANY social media platforms (Facebook, Instagram, Messenger, Snapchat, TikTok, Reddit, Twitter, etc….);  (Docket No. 6; 2:21-cr-00198 WBS)

**The Government's Motion to Revoke the Release Order**

    A. Subsequent investigation identified a Discord account.

Pursuant to 18 U.S.C. § 3148(a) and § 3148(b), the government moves to revoke the defendant's

pretrial release because it appears that the defendant has been accessing the Internet, and further using social media accounts. The current charges against Calhoun involve trading of child pornography on Kik. After execution of a search warrant at Calhoun's home, Calhoun admitted being a moderator in a Kik room and to transporting / distributing at least 3 child pornography videos of "pretty young kids" into the room. Calhoun also admitted downloading files through a cloud storage app.

During a forensic preview of Calhoun's phone, law enforcement opened the cloud storage app and Calhoun's account appeared with the user name <MIKLEO EPSTEIN> and an email address of mikleo253@gmail.com. Further processing of Calhoun's phone revealed that Calhoun enticed and obtained sexually explicit images from minors that he met on Kik. The minors were identified and interviewed. KO stated that Calhoun went by the user name of mikleo, and Andrew Mikleo Epstein on Facebook. TP, another minor, stated that Calhoun used Mikleo Epstein, and on Discord Calhoun went by mik#5444 and TP used the screen name Reaper69#6969.

### B. Discord provides records regarding Calhoun's mik#5444 account.

Agents obtained records from Discord, and noticed that the mik#5444 account was active on Discord between September 13, 2021 and March 1, 2022. The subscriber information provided by Discord showed that the registered email address was mikleo253@gmail.com, and the phone number was 916-429-5266. Calhoun provided the 916-429-5266 phone number as the phone number allowed under his pretrial services officer under special condition 15.

Based on this subscriber and access information from Discord, agents obtained a search warrant for communications in the Discord account. On March 15, 2022, Magistrate Judge Deborah Barnes issued the search warrant (2:22-sw-0187 DB). Agents reviewing the communications that Discord produced pursuant to the search warrant discovered that between March 5, 2021 and March 1, 2022, Calhoun logged into the mik#5444 account. *See* Exhibit A. Between March 5, 2021, and March 21, 2021, Calhoun interrupted communicating with a user CK405 (full user name abbreviated to preserve this user's identity). On March 21, 2021, Calhoun reinitiated a conversation with CK405, stating "I was

in jail and now I'm being charged with something bad I didn't do I can't be online and I'm not supposed to communicate with ppl under 18 right now.  Just know I love you.  Idk when I can talk to you next but I love you with all my heart."  On March 30, 2021, Calhoun stated, "I'm just stuck inside at Rickys, my sister in law abandoned me and no idea when court is."  This is apparently a reference to Calhoun's stepbrother, Ricky Butters, who Calhoun claimed to be living with, and who is expressly mentioned in the March 10, 2021 amended special conditions of release, condition 16.  (Docket No. 8; 2:21-mj-0040).

On April 29, 2021, Calhoun stated, "I'm on home detention for now."  CK405 sent the following messages in response: "IK you can't really talk to me atm"[1] and "We can start talking on the phone more once I start working."

On May 16, 2021, Calhoun responded to a message from CK405 that said, "Finally 18" with messages referring to his criminal case and special conditions of release: "Well first I gotta get through this FBI thing" and "I'm being charged with possession of 5 videos of kid s---" and "so for now I'm not allowed on any social media."

Calhoun's interactions with CK405 were also sexually explicit, with discussions of Calhoun ejaculating, asking how CK405's cum tastes, and Calhoun asking if squats get CK405 hard.  CK405 also mentions that Calhoun's penis is large, which suggests that Calhoun sent at least one picture of his penis to CK405 (or that CK405 has seen Calhoun's penis in a live chat).  Other messages from Calhoun to CK405 compliment CK405's looks, which indicates that CK405 sent Calhoun pictures of CK405.  On June 28, 2021, Calhoun sent CK405 an image, and then stated, "Crap I forgot I'm not supposed to do that lol" and "Just delete it lol."  On July 19, 2021, Calhoun wrote, "But let's cool down on the pics for awhile, I don't want them ppl to say nothing."

Calhoun also mentions having an Android LG K51.  On or about October 13, 2021, Calhoun and CK405 discussed moving to another messaging platform (other than Discord).  They also discussed

---

[1] IK means "I know" and atm means "at the moment."

other means of communicating, including phone conversations.  Calhoun also mentioned that he only has half a gig of data left, and if his data runs out he will text CK405 directly.

On May 31, 2021, CK405 disclosed his name is KP.  The agent was able to identify KP, who has a date of birth in 2003, and lives in Georgia.

In addition, Calhoun was also corresponding with four other Discord users while on pretrial release.  Some of these chats suggested that the other correspondents were also minors.  *See* Exhibit B.

## ANALYSIS

### I.     Standard of Review on a Motion to Revoke Pretrial Release for Violations of Conditions

"Section 3148(a) was intended to add to the court's arsenal of sanctions by providing for revocation of release, detention, and contempt." *United States v. Vaccaro*, 51 F.3d 189, 192 (9th Cir. 1995). The standard for proving a new law violation is probable cause. 18 U.S.C. § 3148(b)(1)(A); *Blankhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (noting under California law, probable cause exists "if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.") quoting *People v. Adams*, 175 Cal.App.3d 855, 861, 221 Cal.Rptr. 298, 301 (1985). Evidence of a violation of any other condition must be by clear and convincing evidence. 18 U.S.C. § 3148(b)(1)(B); *Addington v. Texas*, 411, U.S. 418, 432-33 (1979) (noting "clear and convincing" is more than a preponderance of the evidence).

### II.    New Law Violation

In this case, California Penal Code section 288.2(a)(2) prohibits the sending of harmful matter (that is not child pornography) to minors with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the minor or with the intent that either person touch an intimate body part of the other.  California Penal Code section 288.4(a)(1) prohibits a person with an unnatural or abnormal sexual interest in children from arranging to meet a minor for the purpose of exposing his or her genitals or pubic or rectal area, or having the child expose their genitals, pubic, or

rectal area, or engaging in lewd or lascivious behavior. Calhoun was in contact with a minor, and apparently sending him pictures of his penis and engaging in sexual discussions with the minor. It appears that Calhoun was also receiving pictures of the penis of a purported minor as well. *See* Exhibit B, p.2.

In addition, Title 18, United States Code, Section 401 punishes contempt of court. Calhoun states in several messages that he knows that he is not supposed to be accessing social media, or communicating with minors, and yet does so anyway.

### III.   Violation of Other Conditions of Release

A. <u>Calhoun knowingly refuses to comply with the rules and regulations of the Pretrial Services Agency</u>.

Calhoun is aware that he is on pretrial release, and must comply with the rules and regulations of the Pretrial Services Agency. In his chats, Calhoun stated that he is on home detention and refers to the fact that "I'm not supposed to communicate with ppl under18 right now." In a later message, Calhoun wrote, "so for now I'm not allowed on any social media."

B. <u>Calhoun violated Internet access and Social Media usage conditions</u>.

The Discord messages discussed above constitute clear and convincing evidence that Andrew Calhoun is violating the conditions regarding monitoring of his use of the internet / evading the monitoring software because Pretrial Services has not detected his violations on the internet access and social media special conditions of his pretrial release. In addition, special condition 16 restricts Calhoun's Internet access to communicating with the Court, pretrial services, his attorney, and doctors or counselors. Calhoun is using the Internet to communicate with other Discord users and texting with others, including a minor and accounts that appear to be minors, for sexual purposes.

### IV.   Request for a Bench Warrant and Sealing

In order to bring the defendant into the Court's custody pending the pretrial release revocation hearing, the government requests a bench warrant under 18 U.S.C. § 3148(b) for the arrest of the

defendant. The government also requests that the Court allow the filing of this motion and petition under seal until the arrest of the defendant because notice to the defendant may cause him to conceal evidence that has not been gathered, place the reporting party in danger, or otherwise jeopardize an ongoing criminal investigation. In addition, petitions relating to violations of the conditions of pretrial release are normally filed under seal.

## CONCLUSION

For the reasons set forth in this motion, the attached and incorporated Exhibits, and any evidence or argument presented at a hearing on this motion, this Court should issue a bench warrant and set this matter for a revocation hearing of the defendant's pretrial release. In addition, the Court should order pretrial services to make the defendant's reports to the pretrial services officers available for inspection by the government and defense attorney. Upon a finding that the defendant has committed a federal, state, or local offense while on pretrial release, and that he has violated other conditions of pretrial release, the government requests that the Court revoke the defendant's pretrial release. Finally, the government requests that the Court conclude that there is no condition or combination of conditions that would assure the Court that the defendant is not a danger to the community or a risk of nonappearance and remand the defendant for trial.

Dated: April 11, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney